EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Narcotics Section

JONATHAN M. F. LOO
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail: jonathan.loo@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JASON APELA GONSALVES, | ) | CV. NO. 06-00315 DAE/KSC |
| | ) | CR. NO. 02-00176 DAE |
| Petitioner, | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| vs. | ) | PETITIONER'S MOTION TO |
| | ) | VACATE, SET ASIDE, OR |
| UNITED STATES OF AMERICA, | ) | CORRECT SENTENCE PURSUANT |
| | ) | TO 28 U.S.C. § 2255; |
| Respondent. | ) | EXHIBITS A-C; CERTIFICATE |
| | ) | OF SERVICE |
| _____ | ) | |

GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

I.  **INTRODUCTION**

The United States of America ("United States"), by and

through its attorney, the United States Attorney for the District

of Hawaii and the undersigned Assistant United States Attorney,

hereby files its response to JASON APELA GONSALVES'

("Petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## II.  **PROCEDURAL HISTORY**

On June 19, 2002, a grand jury in the District of Hawaii returned a thirty-five count first superseding indictment against Petitioner and his ten co-defendants.  Petitioner was charged in Counts 1, 11, 13, 26, and 34 with conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of cocaine between January of 2000 and April 24, 2002 (Count 1), use of a telephone to facilitate the commission of a felony drug offense (Counts 11, 13, and 26), and possessing 50 grams or more of methamphetamine with the intent to distribute it (Count 34).

On March 12, 2003, Petitioner entered a plea of guilty to Count 1 of the First Superseding Indictment before United States Magistrate Judge Barry M. Kurren pursuant to a written plea agreement.  A copy of the plea agreement is attached to this response as Exhibit "A."   The transcript of the change of plea hearing is attached to this response as Exhibit "B."  On March 31, 2003, United States District Judge David Alan Ezra adopted Magistrate Judge Kurren's report and recommendation and accepted Petitioner's guilty plea.

On June 1, 2004, the Court sentenced Petitioner to 150 months' imprisonment, 5 years' supervised release, no fine, and a

special assessment of $100.  The judgment and commitment order was entered by the Court on June 8, 2004.  The transcript of the sentencing hearing is attached to this response as Exhibit "C." On June 7, 2006, Petitioner filed the instant motion to vacate his conviction and sentence.

III. **STATEMENT OF FACTS**

On March 12, 2003, Petitioner entered into a written plea agreement with the United States.  See Exhibit "A."  At paragraph 8 of the plea agreement, Petitioner admitted receiving for distribution ounce, half-pound, and pound quantities of crystal methamphetamine from Amako Malepeai and Tasi Malepeai during 2000, 2001, and 2002.  He also admitted having ounce quantities of crystal methamphetamine seized from him in January and April of 2002.  At paragraph 10 of the plea agreement, Petitioner waived his rights to appeal or collaterally challenge his conviction and sentence except in very limited circumstances. At paragraphs 18 through 20 of the plea agreement, Petitioner agreed to cooperate with the United States in the investigation and prosecution of others, and the United States agreed to consider Petitioner's cooperation and to file a downward departure motion if one was warranted.

At the time of sentencing, the Probation Office recommended and the Court found, without objection, that Petitioner's base offense level was 38 based on the amount drugs

3

involved in the offense of conviction.    To arrive at a drug
quantity for purposes of determining Petitioner's base offense
level, the Probation Office, pursuant to USSG § 2D1.1,
Application Note 10, converted the methamphetamine and "ice"
involved in the offense of conviction into marijuana equivalents
and aggregated them.  PSR at ¶ 54.  The Court adjusted
Petitioner's base offense level upward by two-levels for
possession of a firearm, pursuant to USSG § 2D1.1(b)(1), and
downward by three-levels for acceptance of responsibility,
pursuant to USSG § 3E1.1.  The Court then granted the United
States' 5K1.1 motion and reduced Petitioner's sentence for
substantially assisting in the investigation and prosecution of
others.

**IV.  <u>STATEMENT OF PETITIONER'S CLAIM</u>**

Petitioner raises six claims in his motion: 1) that the
indictment was improperly amended to one charging marijuana
instead of methamphetamine; 2) that the plea agreement was
breached because his sentence was determined using an offense
level of 40 rather than 26; 3) that the Court erred in
determining that his offense level was 40 rather than 26; 4) that
trial counsel was constitutionally ineffective; 5) that he is
factually innocent because he never distributed marijuana; and 6)
that the Court should have departed down further based upon the
United States' 5K1.1 motion.

4

VI.  **ARGUMENT**

**Petitioner's Motion is Time Barred**.

A prisoner in custody on a federal sentence may collaterally attack a federal sentence under 28 U.S.C. § 2255. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, such a motion must be brought within one year of when a conviction becomes final.  28 U.S.C. § 2255(1).  In this case, judgment was entered on June 8, 2004, and Petitioner did not appeal.  The motion was not filed until June 7, 2006, and thus is time barred.

**The Indictment Was Not Amended and Petitioner Has No Actual Innocence Claim.**

Petitioner's claims regarding amendment of the indictment and actual innocence are based on a misapprehension of the sentencing process.  Because petitioner's offense conduct and relevant conduct involved both d-methamphetamine and "ice," the Probation Office and the Court were required to convert the d-methamphetamine and "ice" into marijuana equivalents and then aggregate them to arrive at a drug quantity for purposes of determining his base offense level.  USSG § 2D.1, Application Note 10.  That is precisely what the Probation Office and the Court did.  That process for determining drug quantity in no way amended the indictment in which Petitioner had been charged and in no way changed this case from a methamphetamine case into a

marijuana case.  Accordingly, Petitioner's first and fifth claims should be denied as meritless.

### Petitioner's Plea Agreement Was Not Breached and the Court Did Not Err in Calculating Petitioner's Offense Level.

Petitioner next argues that his plea agreement was breached and that the Court erred in sentencing him based on conduct charged in counts of the indictment which were dismissed pursuant to the plea agreement.  Petitioner apparently assumes that because he plead guilty to conspiring to possess 50 grams or more of methamphetamine and 500 grams or more of cocaine with the intent to distribute it and because the remaining counts against him were dismissed, that he would therefore be sentenced based on a drug quantity of 50 grams of methamphetamine.  Petitioner's assumption is wrong as a matter of law and of no legal effect given the warnings contained in his plea agreement and the warnings given to him at the change of plea hearing.

Under USSG § 1B1.3, a defendant's sentence is determined based upon:

>    (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

>    (B) in the case of jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in

furtherance of the jointly undertaken
criminal activity,

that occurred during the commission of the
offense of conviction, in preparation for
that offense, or in the course of attempting
to avoid detection or responsibility for that
offense; . . .

In this case, Petitioner was sentenced based upon
amounts of methamphetamine far in excess of 50 grams that he
admitted distributing or possessing with the intent to distribute
during the existence and in furtherance of the conspiracy to
which he plead guilty. Petitioner's admissions are contained in
paragraph 8 of his plea agreement and were proffered by the
United States and acknowledged by Petitioner in open court as a
factual basis in support of his guilty plea. The only conduct
for which Petitioner was sentenced was conduct comprising his
participation in the conspiracy to which he plead guilty.

Further, Petitioner's assumption that he would only be
held accountable for 50 grams of methamphetamine was unfounded,
unreasonable, and of no legal effect. Petitioner was
specifically advised in his plea agreement and at the change of
plea hearing that he was subject to a sentence of not less than
ten years and up to life imprisonment, that his sentence could
not be determined until after a presentence report was prepared
and the parties had an opportunity to file objections to the
report, that his actual sentence might differ from any estimate
he received from defense counsel, that the Court could, in some

7

circumstances, depart upward, and that he would not be able to withdraw his guilty plea because he was dissatisfied with his sentence.

Petitioner further alleges that the Court engaged in judicial fact-finding in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>,_____ U.S. _____, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) in arriving at his total offense level of 40. Petitioner's argument is flawed in several regards. First, none of these cases are retroactively applicable on collateral review. <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005); <u>Cook v. United States</u>, 386 F.3d 949 (9th Cir. 2004); and <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 667 (9th Cir. 2002). Second, no error occurred because Petitioner's sentence of 150 months did not exceed the statutory maximum sentence for the crime for which the defendant had been validly convicted.[1] <u>United States v. Ellis</u>, 241 F.3d 1096, 1104 (9th Cir. 2001). Finally, no error occurred because the Court relied entirely on facts admitted by the petitioner in his plea agreement and at the change of plea hearing in determining his sentence. <u>United States v. Ameline</u>, 376 F.3d 967, 977 (9th Cir. 2004).

---

[1]The default statutory maximum sentence for an offense involving a detectable amount of drugs is 20 years or 240 months pursuant to Title 21, United States Code, Section 841(b)(1)(c). 150 months is less than 240 months.

In light of these warnings, the way in which his
sentence was calculated, and the manner in which sentence was
imposed by the Court, it is clear that Petitioner's plea
agreement was not breached and that the Court did not err in
sentencing Petitioner.  Accordingly, Petitioner's second and
third claims should be dismissed as meritless.

**Petitioner Lacks Grounds to Challenge the Extent of the
Court's Departure.**

Petitioner also argues that the Court undervalued or
failed to appreciate the value of his substantial assistance when
it granted the United States' 5K1.1 motion but only departed down
to a sentence of 150 months.  Petitioner complains that he
received little, if any, credit for Tasi Malepeai's cooperation
against other co-defendants.  Petitioner's argument is flawed in
two respects.  First, it is clear from the transcript of
sentencing hearing that the Court was well aware that Petitioner
was one of the first defendants to cooperate, that under threat
of his cooperation, Tasi Malepeai agreed to plead guilty and
cooperate, and that Tasi Malepeai thereby induced many of the
remaining co-defendants to plead guilty.  It is also clear that
the Court considered that information when it fashioned its
departure.  Second, Petitioner specifically acknowledged at
paragraph 20 of the plea agreement that the Court could refuse to
depart downward even if the United States filed a motion based
upon the Petitioner's substantial assistance.  By the express

9

terms of the plea agreement, Petitioner was made aware that the Court had absolute discretion to grant or deny the United States' departure motion and to determine the extent of any departure. Petitioner cannot and should not now be heard to complain about the extent of the Court's downward departure. Accordingly, Petitioner's sixth claim should be dismissed as meritless.

### Petitioner's Trial Counsel Was Not Constitutionally Ineffective.

Finally, Petitioner argues that his trial counsel was constitutionally ineffective for failing to raise any of these issues. To establish ineffective assistance of counsel, Petitioner must establish that trial counsel's performance was deficient and that the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668 (1984). To be deficient, counsel's performance must be objectively unreasonable and fall below the wide range of presumptively reasonable professional assistance. Strickland, 466 U.S. at 689. To establish prejudice, Petitioner must establish a reasonable probability that but for counsel's deficient performance, the outcome would have been different. Strickland, 466 U.S. at 694. Petitioner has not and cannot identify a single issue that counsel should have raised and failed to raise that would have affected the sentence he received. None of the issues raised by Petitioner in this motion are legally viable. Counsel's failure to raise them simply was not deficient nor resulted in prejudice to

10

Petitioner.  Accordingly, Petitioner's fourth claim should be denied as meritless as well.

**V.     <u>CONCLUSION</u>**

Wherefore, based on the foregoing, the Government respectfully submits that Petitioner JASON APELA GONSALVES' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

DATED:  September 1, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Jonathan M. F. Loo
   JONATHAN M. F. LOO
   Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:


Served by First Class Mail:          September 1, 2006

JASON APELA GONSALVES
Reg. No. 88961-022
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, New Jersey 08640


DATED:  Honolulu, Hawaii, September 1, 2006.


                              <u>/s/ M. Derby-Taufa'asau</u>