EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

THOMAS MUEHLECK
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 12 2003

at ___ o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00176-08 DEA |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date: |
| | ) | Time: |
| JASON APELA GONSALVES, | ) | Chief Judge: Hon. David A. Ezra |
| aka "Jay," (08), | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, JASON APELA GONSALVES, aka "Jay" and his attorney, David F. Klein, have agreed upon the following:

1.  Defendant acknowledges that he has been charged in the First Superseding Indictment with violating Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

EXHIBIT "A"

2.   Defendant has read the charges against him contained in the First Superseding Indictment, and those charges have been fully explained to him by his attorney.

3.   Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.   Defendant will enter voluntary plea of guilty to Count 1 of the First Superseding Indictment charging him with conspiring to distribute and to possess with intent to distribute a quantity of methamphetamine in excess of 50 grams (Count 1). The prosecution agrees to move to dismiss the remaining counts of the First Superseding Indictment as to Defendant after sentencing.

5.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.   Defendant enters this plea because he is in fact guilty of conspiring to distribute a quantity of methamphetamine in excess of 50 grams as charged in Count 1 of the First Superseding Indictment, and agrees that this plea is voluntary and not the result of force or threats.

7.   Defendant understands that the penalties for the offense to which he is pleading guilty include:

2

a.   up to life imprisonment and a fine of up to
$4,000,000, plus a term of supervised release of not less than
five years and up to life as to Count 1,

b.   a minimum term of imprisonment of ten years as
to Count 1, and

c.   At the discretion of the court, defendant may
also be denied any or all federal benefits, as that term is
defined in 21 USC §862, (a) for up to five years if this is
defendant's first conviction of a federal or state offense
consisting of the distribution of controlled substances, or (b)
for up to ten years if this is defendant's second conviction of a
federal or state offense consisting of the distribution of
controlled substances.  If this is defendant's third or more
conviction of a federal or state offense consisting of the
distribution of controlled substances, the defendant is
permanently ineligible for all federal benefits, as that term is
defined in 21 USC §862(d).                          )

In addition, the Court must impose a $100 special assessment as
to each count to which the Defendant is pleading guilty.
Defendant agrees to pay $100 for each count to which he is
pleading guilty to the District Court's Clerk's Office, to be
credited to said special assessments, before the commencement of
any portion of sentencing.  Defendant acknowledges that failure
to make such full advance payment in a form and manner acceptable

3

to the prosecution will allow, though not require, the
prosecution to withdraw from this agreement at its option.

       8.   Defendant admits the following facts and agrees
that they are not a detailed recitation, but merely an outline of
what happened in relation to the charge to which Defendant is
pleading guilty:

       During 2000 and 2001, the defendant was distributing
multiple ounce quantities of crystal methamphetamine weekly on
the Island of Oahu and Maui for Amako Malepeai.  The defendant
routinely received multiple ounce quantities of crystal
methamphetamine on credit from Amako Malepeai which he broke down
into smaller quantities and sold.  On one occasion the defendant
transported four pounds of crystal methamphetamine for Amako
Malepeai to Polotani Latu on Maui.  The defendant received
approximately $60,000 to $70,000 for the crystal methamphetamine
transported to Maui and returned the cash to Amako Malepeai.  In
2001 the defendant became involved in the distribution of crystal
methamphetamine for Tasi Malepeai.  The defendant routinely would
be fronted one-half pound quantities of crystal methamphetamine
from Tasi Malepeai during 2001 which would take the defendant two
days to distribute to customers.  On one occasion Tasi Malepeai
provided the defendant with a one pound quantity of crystal
methamphetamine which the defendant distributed.  The defendant

4

~~one-half-pound quantity of methamphetamine he received from Tasi~~
~~Malepeai.~~

On January 30, 2002, the defendant was stopped by the
Honolulu Police Department and found to be in possession of four
ounces of crystal methamphetamine which had been provided by Tasi
Malepeai.  The defendant had intended to distribute the
methamphetamine.

On April 24, 2002, the defendant possessed in his
residence in Ewa Beach approximately one-half pound of crystal
methamphetamine which the defendant intended to distribute.  The
methamphetamine had been provided to the defendant by Tasi
Malepeai.  When federal agents executed a search warrant on the
defendant's residence, agents found the methamphetamine in the
defendant's bedroom.

9.   Pursuant to CrimLR32.1(a) of the Local Rules of the
United States District Court for the District of Hawaii, the
parties agree that the charge to which the Defendant is pleading
guilty adequately reflect the seriousness of the actual offense
behavior and that accepting this Agreement will not undermine the
statutory purposes of sentencing.

10.   The Defendant is aware that he has the right to
appeal the sentence imposed under Title 18, United States Code,
Section 3742(a).  Defendant knowingly waives the right to appeal,
except as indicated in subparagraph "b" below, any sentence

5

within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

      a.    The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

11.   The Defendant understands that the District Court in imposing sentence will be bound by the provisions of the Sentencing Guidelines.  Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines.  The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

12.   The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

13.   Defendant understands that by pleading guilty he surrenders certain rights, including the following:

7

a.    If Defendant persisted in a plea of not guilty
to the charges against him he would have the right to a public
and speedy trial.  The trial could be either a jury trial or a
trial by a judge sitting without a jury.  The Defendant has a
right to a jury trial.  However, in order that the trial be
conducted by the judge sitting without a jury, the Defendant, the
prosecution and the judge all must agree that the trial be
conducted by the judge without a jury.

b.    If the trial is a jury trial, the jury would
be composed of twelve laypersons selected at random.  Defendant
and his attorney would have a say in who the jurors would be by
removing prospective jurors for cause where actual bias or other
disqualification is shown, or without cause by exercising
peremptory challenges.  The jury would have to agree unanimously
before it could return a verdict of either guilty or not guilty.
The jury would be instructed that the Defendant is presumed
innocent, and that it could not convict him unless, after hearing
all the evidence, it was persuaded of his guilt beyond a
reasonable doubt.

c.    If the trial is held by a judge without a
jury, the judge would find the facts and determine, after hearing
all the evidence, whether or not he or she was persuaded of the
Defendant's guilt beyond a reasonable doubt.

8

d.   At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.   At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

14.   Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

15.   Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

16.   Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to

9

accept this Agreement since the Court is expressly not bound by stipulations between the parties.

17.   Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

18.   The Defendant agrees that he will fully cooperate with the United States.

a.   He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

b.   Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

c.   Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment

10

or any subsequent charges related to this investigation, at which
the prosecution requests him to testify.

        d.  Pursuant to § 1B1.8(a) of the Sentencing
Guidelines, the prosecution agrees that self-incriminating
information provided pursuant to this Agreement to cooperate will
not be used in determining the applicable guideline range, except
as may be provided in this Agreement and under § 1B1.8(b) of the
Sentencing Guidelines.

        19.  In the event that the Defendant does not breach
any of the terms of this Agreement but the Court nonetheless
refuses to accept the Agreement after Defendant has made
statements to law enforcement authorities or representatives of
the United States Attorney's Office pursuant to this Agreement,
the prosecution agrees not to use said statements in its case in
chief in the trial of the Defendant in this matter. Defendant
understands that this does not bar the use of information and
evidence derived from said statements or prohibit the use of the
statements by the prosecution in cross-examination or rebuttal.

        20.  Pursuant to Guideline Section 5K1.1 and Rule
35(b), Federal Rules of Criminal Procedure, the prosecution may
move the Court to depart from the Guidelines on the ground that
the Defendant has provided substantial assistance to authorities
in the investigation or prosecution of another person who has
committed an offense. Pursuant to Title 18, United States Code,

Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

       a.  The decision as to whether to make such a request or motion is entirely up to the prosecution.

       b.  This Agreement does not require the prosecution to make such a request or motion.

       c.  This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

//

//

//

//

//

//

//

//

//

12

      d.  Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

      DATED:  Honolulu, Hawaii, _March 12, 2005_.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
THOMAS MUEHLECK
Assistant U.S. Attorney

_____
JASON APELA GONSALVES
Defendant

_____
DAVID F. KLEIN
Attorney for Defendant

13