IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JASON APELA GONSALVES, ) | CV. NO. 06-00315 DAE |
| ) | CR. NO. 02-00176 DAE |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Petitioner's motion and the

opposing memorandum, the Court DENIES Petitioner's Motion to Vacate, Set

Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

BACKGROUND

On March 12, 2003, Petitioner entered into a written plea agreement

with the United States for conspiracy to distribute and to possess with intent to

distribute in excess of 50 grams of methamphetamine.  (Exhibit A at 2; Exhibit C

at 2.)  At the time of sentencing, the Probation Office recommended and the Court

found, without objection, that Petitioner's base offense level was 38.  To arrive at a

drug quantity to determine that base offense level, the Probation Office, pursuant to U.S.S.G. § 2D1.1, Application Note 10, converted the methamphetamine and "ice" involved in the offense into marijuana equivalents.  The Probation Office then aggregated them.  That conviction was adjusted upward by two-levels for possession of a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1), and downward by three-levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  The Court then granted Respondent's 5K1.1 motion and reduced Petitioner's sentence for substantially assisting in the investigation and the prosecution of others.

Petitioner raises six claims in his motion: (1) that the indictment was improperly amended to one charging marijuana instead of methamphetamine; (2) that the plea agreement was breached because his sentence was determined using an offense level of 40 rather than 26; (3) that the Court erred in determining that his offense level was 40 rather than 26; (4) that trial counsel was constitutionally ineffective; (5) that Defendant is factually innocent because he never distributed marijuana; and (6) that the Court should have departed down further based upon the United States' 5K1.1 motion.

DISCUSSION

A prisoner in custody under a court's sentence may move the court to vacate, set aside, or correct the sentence for constitutional violations or because the

sentence was in excess of the maximum authorized by law, among other things.

<u>See</u> 28 U.S.C. § 2255 (1948).  The motion must be filed, however, within 1 year of

"the date on which the judgment of conviction becomes final," or "the latest of"

other actions that are not applicable here.  28 U.S.C. § 2255(1).  Judgment was

entered on June 8, 2004.  Petitioner did not appeal that judgment, and he did not

file this motion until June 7, 2006, over two years from the date on which

judgment was entered.  Thus, Petitioner's motion is time barred.

CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Motion

to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 18, 2006.



_____
David Alan Ezra
United States District Judge


<u>Jason Apela Gonsalves vs. United States of America</u>, CV No. 06-00315 DAE, CR.
No. 02-00176 DAE; ORDER DENYING PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C.
§ 2255